Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ELIZABETH C. CAMARILLO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| ELIZABETH C. CAMARILLO,<br><br>    Plaintiff,<br><br>  v.<br><br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER GROUP<br><br>    Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, ELIZABETH C. CAMARILLO, ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER GROUP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA").

1

2. Count II of Plaintiff's Complaint is based on the Unfair Prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

3. Count III of Plaintiff's Complaint is based on the Fraudulent Prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

4. Count IV of Plaintiff's Complaint is based on the Unlawful Prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

5. Count V of Plaintiff's Complaint is based on common law conversion.

6. Each of the three UCL prongs provides a "separate and distinct theory of liability" and an independent basis for relief." *Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1018 (N.D. Cal. 2019).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1693(m) (EFTA).

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in the City of Eastvale, Riverside County, State of California.

12. Defendant is a home mortgage company headquartered in Austin, Texas.

## FACTUAL ALLEGATIONS

13. Defendant services Plaintiff's home mortgage loan.

14. Pursuant to the agreement between the parties, Plaintiff pays a monthly mortgage of $2,738.00.

15. Plaintiff makes her monthly mortgage payment on Defendant's website.

16. Plaintiff makes the above-mentioned payment from her personal checking account with Chase Bank.

17. On or about April 24, 2021, Defendant made two separate unauthorized withdrawals of $2,738.86 from Plaintiff's personal checking account.

18. The above-referenced unauthorized withdrawals caused Plaintiff's personal checking account to overdraw and show an amount of negative $2,7524.40.

19. On or about April 24, 2021, Plaintiff received an email from Defendant,

stating that it had suffered a processing issue which resulted in unauthorized deductions.

20. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments from Plaintiff's joint personal checking account.

21. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

22. Due to Defendant's unauthorized withdrawals, Plaintiff was unable to access any of the money in her personal checking account with Chase Bank.

23. The natural consequences of Defendant's actions was to cause Plaintiff mental distress and anguish.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

24. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-three (23) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

25. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

26. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term

"preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

27. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

28. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

29. Defendant twice debited Plaintiff's bank account without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

30. On at least one occasion, Defendant has debited Plaintiff's bank account on

a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, ELIZABETH C. CAMARILLO, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER GROUP, for the following:

31. Actual damages pursuant to the Electronic Fund Transfer Act, § 916(a)(1) to be determined at trial;

32. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

33. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE UNFAIR PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200

35. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-three (23) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

PLAINTIFF'S COMPLAINT

36. Defendant's business practices are unfair as recognized by the UCL.

37. Defendant's business practices harmed Plaintiff.

38. Defendant's business practices do not have benefits.

39. Arguendo, any benefits Defendant's business practices may have, they do not outweigh the harm to Plaintiff.

40. Plaintiff has suffered an accompanying economic injury caused by Defendant's business practices.

WHEREFORE, Plaintiff, ELIZABETH C. CAMARILLO, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER GROUP, for the following:

41. Actual damages pursuant to the UCL, Cal. Bus. & Prof. Code § 17200 to be determined at trial;

42. Attorney's fees and costs pursuant to the UCL, Cal. Civ. Proc. Code § 1021.5; and

43. Any other relief that the Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE FRAUDULENT PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200

44. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-three (23) of Plaintiff's Complaint as the allegations in Count III of Plaintiff t's Complaint.

7

45. Defendant's business practices are unfair as recognized by the UCL.

46. Defendant's business practices harmed Plaintiff.

47. Defendant's business practices do not have benefits.

48. Arguendo, any benefits Defendant's business practices may have, they do not outweigh the harm to Plaintiff.

49. Plaintiff has suffered an accompanying economic injury caused by Defendant's business practices.

WHEREFORE, Plaintiff, ELIZABETH C. CAMARILLO, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER GROUP, for the following:

50. Attorney's fees and costs pursuant to the UCL, Cal. Civ. Proc. Code § 1021.5; and

51. Any other relief that the Honorable Court deems appropriate.

**COUNT IV:**
**DEFENDANT VIOLATED THE UNLAWFUL PRONG OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**

52. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-three (23) of Plaintiff's Complaint as the allegations in Count VI of Plaintiff's Complaint.

53. Defendant's violations of the other two UCL prongs are predicate violations and therefore are unlawful.

54. Plaintiff has suffered an accompanying economic injury cause by Defendant's predicate violations.

WHEREFORE, Plaintiff, ELIZABETH C. CAMARILLO, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER GROUP, for the following:

55. Attorney's fees and costs pursuant to the UCL, Cal. Civ. Proc. Code § 1021.5; and

56. Any other relief that the Honorable Court deems appropriate.

## COUNT V:
## COMMON LAW CONVERSION

57. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-three (23) of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

58. Plaintiff owned the personal property, the money in Plaintiff's personal checking account with Chase, at the time of the conversion.

59. Defendant substantially interfered with Plaintiff's personal property by knowingly or intentionally taking possession of Plaintiff's personal property and preventing Plaintiff from having access to the personal property.

60. Plaintiff did not consent to Defendant's wrongful taking and control of Plaintiff's personal property.

61. Plaintiff was harmed, and Defendant's conduct was a substantial factor in

causing Plaintiff's harm.

62. Plaintiff suffered actual damages and emotional damages because of Defendant's conduct.

WHEREFORE, Plaintiff, ELIZABETH C. CAMARILLO, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER GROUP, for the following:

    a. Actual damages in an amount to be determined at trial;

    b. Emotional damages in an amount to be determined at trial; and

    c. Any other relief that the Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  April 28, 2021         By: /s/ Michael S. Agruss
                                            Michael S. Agruss
                                            Attorney for Plaintiff

PLAINTIFF'S COMPLAINT